# Commonwealth v. Williams et al.

June 20, 1941.

Hubert Meredith, Assistant Attorney General, and Sanders E. Clay, Commonwealth's Attorney, for appellant.

E. C. Newlin for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Certifying the law.

Appellee, Caleb Williams, was arrested in Danville, Kentucky, charged with transporting 225 cases of whiskey within the Commonwealth of Kentucky, without first having obtained a license so to do from the Department of Revenue. He was found guilty on his trial in the Boyle county court and upon appeal to the Boyle circuit court was acquitted by a jury. The Commonwealth has appealed from the judgment of the Boyle circuit court for the purpose of having the law certified and complains of instruction No. 3 as given by the trial court.

The appellee was an employee of the Rex Import Company of Philadelphia, Pennsylvania, the holder of a non-resident liquor license issued by the Alcoholic Beverage Control Board which license authorizes the holder to haul distilled spirits and wine from Louisville, Kentucky, to Philadelphia, Pennsylvania, over routes 42 and 60 extending from Louisville to Covington, and Catlettsburg, respectively, thence out of the state of Kentucky. At the time of his arrest appellee was operating his truck on route 150 and testified that he was intent upon following that route to Mt. Vernon, Kentucky, from which point he was to proceed to Middlesboro, Kentucky, on route 25. He further testified that he was directed to take routes 150 and 25 by his superiors who informed him that snow and ice in Pennsylvania prevented safe passage over highways connecting with routes 42 ad 60 and leading therefrom to Philadelphia.

Instruction No. 3 given by the court is in words and figures, as follows, to wit:

"Though you may believe from the evidence beyond a reasonable doubt that the defendant Williams at the time he was arrested in Boyle County, Kentucky, on October 24, 1940, was trucking said truck-load of whiskey from Louisville, Kentucky, to Middlesboro, Kentucky, under the employment referred to in Instruction No. 1, yet if you further believe from the evidence that at the time Green so employed Williams to truck such whiskey from Louisville, to Middlesboro, Kentucky, Green had received instructions from the Rex Import Company that the road conditions over the highways out of Kentucky connecting with highway 42 and highway 60, one or both, and leading therefrom to Philadelphia, Pennsylvania, were blocked or impassable or difficult to get over by

reason of weather conditions then existing, and that the Rex Import Company, at the time it gave such instructions to Green in good faith believed that such highways were so blocked or impassable or difficult to get over, and on that account directed Green to have such liquor transported from Louisville, Kentucky, to Middlesboro, Kentucky, and from the latter place to be conveyed to Philadelphia, to the Rex Import Company, and that Green for that reason and on account of those instructions, directed Williams to bring the truck of whiskey to Middlesboro, Kentucky, whence it was to be conveyed to Philadelphia, Pennsylvania, then you will find for the defendant.''

Section 2554b-150, Ky.St.Supp..1941, provides that it shall be unlawful for any person to transport or otherwise traffic in alcoholic beverages without first procuring a license so to do. By a regulation of the department an applicant for a non-resident license must indicate in his application the routes over which he expects to operate under the license and said license when issued shall designate said routes on its face. We are of the opinion that the Legislature had the authority in the exercise of its police power to provide that it should be unlawful for any one to transport liquor within this state without first obtaining a permit from the Alcoholic Beverage Control Board and that the board had the right to adopt reasonable regulations in respect to the issuance of such permits or licenses to prevent unlawful traffic in intoxicating liquor. Ziffrin, Inc., v. Reeves, 308 U. S. 132, 60 S. Ct. 163, 84 L. Ed. 128. If it should be impracticable at any time to traverse the routes designated in the permit held by a licensee it would be incumbent upon him to make this fact known to the Alcoholic Beverage Control Board with a request that the license be extended to a route over which it would be practicable to travel; but on the licensee's failure to obtain such authority in such case he would not be authorized to transport whiskey over a route of his own selection. Since the route being traveled by the appellee at the time of his arrest digressed so far from the routes over which he was authorized to operate, it was not unreasonable for the arresting officer to conclude that appellee was transporting liquor for the purpose of diverting it into unlawful channels; and it was for the purpose of preventing the evils anticipated by

the officers making this arrest that the Legislature authorized the department to adopt the regulations under which the permit was issued.

Appellee contends that the Alcoholic Beverage Control Board was exceeding the authority extended to it by the Legislature in issuing the permit and confining the licensee to routes mentioned therein, but this argument is not available under the facts of this case. If the Alcoholic Beverage Control Board did not have the authority to issue the permit then the appellee would be guilty of the offense charged because he would not have any license or authority to transport whiskey in the Commonwealth of Kentucky.

We are therefore of the opinion that the instruction in question was erroneous and the law is so certified.

Whole court sitting.